# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SALIH MAKIC, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:07CV1577AGF |
| PAT SMITH, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Salih Makic for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that the petition is time-barred. As a result, the petition will be denied.

## Background

Petitioner is a Missouri prisoner, serving multiple sentences imposed by the Circuit Court of St. Louis County, Missouri, pursuant to Petitioner's guilty plea on June 16, 2000, to unlawful use of a weapon, assault in the third degree, forcible rape, assault in the first degree, armed criminal action, and victim tampering. Petitioner was sentenced on August 11, 2000. He did not file a direct appeal or a post-conviction motion under Missouri Supreme Court Rule 24.035. He did, however, file a state habeas corpus petition, under Missouri Supreme Court Rule 91, on February 9, 2007, in the Circuit Court of St. Francois County, Missouri. (Resp. Ex. B.) After that petition was denied, he filed for state habeas relief with the Missouri Court of Appeals on May 21, 2007. This

petition was denied on June 13, 2007. (Resp. Ex. F.) The present federal habeas action was filed on August 27, 2007.[1]

## Grounds for Relief

Petitioner presents the same grounds in his federal habeas petition that he raised in his state habeas petitions, as follows:

**Ground One:** Plea counsel provided ineffective assistance of counsel by failing to inform petitioner that a direct consequence of pleading guilty would be to make him automatically eligible for deportation under federal law.

**Ground Two:** Due to the assumption of the prosecutor, Petitioner's counsel, and Petitioner that Petitioner would not be automatically deported if he pleaded guilty, mutual mistake should void the plea agreement.

Respondent argues that the petition should be denied as untimely. Petitioner did not file a traverse.

## Timeliness Analysis

Title 28 U.S.C. § 2244(d) sets the following filing deadlines for a federal habeas petition:

---

[1] This is the date that appears on the filing form accompanying the undated petition, and will be deemed to be the filing date. See Smith v. Roper, No. 4:03CV907 HEA (TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. 2005) (explaining that a federal habeas petition is assumed to have been given to prison officials for mailing on the date it is signed, which date, under the prison mailbox rule, becomes the date of filing).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;[2]
>
> *       *       *
>
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted above, in this case, Petitioner was sentenced on August 11, 2000. Pursuant to Missouri law, Petitioner had ten days to file a direct appeal. Mo. R. Crim. P. 30.01(d). Because petitioner never filed a direct appeal, the federal habeas statute of limitations began to run on August 21, 2000, the date on which the judgment became final. Because he did not file a state post-conviction motion or state habeas action within

---

[2] The other three possible start dates are:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record does not support applying any of these dates.

one year of that date, the one year limitations period was not tolled and ended one year later, on August 21, 2001. The state habeas actions filed after the one year had run did not revive the time in which to file a federal habeas petition. See Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam); Campos v. Murphy, No. 4:04CV142 RWS, 2006 WL 2917365, at *3 (E.D. Mo. Oct. 11, 2006).

Petitioner has not asked for equitable tolling of the statute of limitations, and the Court discerns no basis for the application of such tolling. Equitable tolling in this context is warranted only where a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In determining whether equitable tolling is warranted in a particular case, courts should exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563 (remanding case for a determination of whether counsel's failure to file federal habeas petition in timely fashion despite petitioner's many admonitions on importance of doing so and identifying the applicable rules, failure to provide petitioner with information that he had requested so that he could monitor the case, and failure to communicate with petitioner over a period of years, rose to the level of "extraordinary circumstance" to permit equitable tolling).

In his petition, Petitioner states that his plea agreement "did not include particulars regarding non-discretionary removal as a direct consequence. Moreover, petitioner's

4

quite limited English language skills made it virtually impossible for him to conduct research on his own or to communicate effectively." (Pet. 13.) It is not clear whether this statement is advanced by Petitioner as a ground for equitable tolling, but in any event, it does not establish a basis for such tolling, under the standard set forth above, especially in light of the absence of any indication that he took steps to pursue his federal rights diligently. Mendoza v. Minnesota, 100 F. App'x 587, 588 (8th Cir. 2004) (rejecting a habeas petitioner's nonfluency in English as a sufficient basis to toll the one-year statute of limitations); Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (holding that limited proficiency in English does not constitute "extraordinary circumstances," and in any event, such an allegation must be coupled with a showing of diligence, to warrant equitable tolling) (citing cases). [3]

**Conclusion**

Petitioner's federal habeas petition is time-barred. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural issue in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (setting forth the standard for issuing a certificate of appealability).

---

[3] The Court notes that Ground One of the petition, if proven, would warrant habeas relief upon a showing of prejudice by Petitioner. See Padilla v. Kentucky, 130 S. Ct. 1473, 1486-87 (2010) (holding that in order to provide effective assistance, plea counsel must inform her client whether a guilty plea carries a risk of deportation).

5

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2010.